IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Case No. |
| v. | ) ) ) |
| AUTO OWNERS INSURANCE COMPANY, MICHAEL AYRES, WHEEL CITY WHOLESALERS, INC., and AUTO PLAZA ST. PETERS, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Ohio Security Insurance Company ("Ohio Security"), by and through its attorneys of record, seeks declaratory relief pursuant to 28 U.S.C. § 2201 with respect to insurance coverage under (1) a commercial general liability insurance policy issued by defendant Auto Owners Insurance Company to defendant Auto Plaza St. Peters, LLC, and (2) a commercial general liability insurance policy issued by Ohio Security to defendant Wheel City Wholesalers, with respect to a claim for bodily injury asserted by defendant Michael Ayres, and further states and alleges:

**PARTIES**

1. Plaintiff Ohio Security is an insurance company organized and existing under the laws of the State of New Hampshire, with its principal place of business located in Boston, Massachusetts.  Ohio Security is, accordingly, a citizen of New Hampshire and Massachusetts.

2. Defendant Auto Owners Insurance Company ("Auto Owners") is an insurance company organized and existing under the laws of the State of Michigan, with its principal place of business located in Lansing, Michigan. Auto Owners is, accordingly, a citizen of Michigan.

3. Defendant Michael Ayres is a resident of St Charles County, Missouri and a citizen of the State of Missouri.

4. Defendant Wheel City Wholesalers, Inc. ("Wheel City") is a corporation organized under the laws of the State of Missouri, with its principal place of business located in St. Peters, Missouri. Wheel City is, accordingly, a citizen of Missouri.

5. Defendant Auto Plaza St. Peters, LLC ("Auto Plaza") is a limited liability company organized under the laws of the State of Missouri. Upon information and belief, all members of the limited liability company are citizens of Missouri. Upon information and belief, no member of the limited liability company is a citizen of either New Hampshire or Massachusetts.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this dispute occurred in this District.

8. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

**FACTUAL ALLEGATIONS**

9. On November 12, 2018, an automobile operated by Jose Barragan, then an employee of Wheel City, was involved in a multiple vehicle collision in O'Fallon, St. Charles County, Missouri, on an exit ramp from I-70.

10. The vehicle operated by Barragan collided with a vehicle operated by defendant Michael Ayres.

11. At the time of the incident, the roadway was ice-covered.

12. The vehicle operated by Barragan at the time of the collision was owned and offered for sale by defendant Auto Plaza.

13. At the time of the collision, Barragan was returning the vehicle to Auto Plaza after it had asked Barragan's employer, Wheel City, to replace wheels and/or tires on the vehicle.

14. Wheel City did not own the vehicle operated by Barragan.

15. Upon information and belief, the work performed by Wheel City on the vehicle, at the request of Auto Plaza, was to aid Auto Plaza's efforts to sell the vehicle in the course and scope of Auto Plaza's business as a car dealership.

16. Auto Owners issued a commercial general liability insurance policy to Auto Plaza that was in force and effect at the time of the collision.

17. Michael Ayres has filed suit in the Circuit Court of St. Charles County, Missouri against both Barragan and Wheel City, alleging that Wheel City is vicariously liable for the collision as employer of Barragan.

18. Auto Owners has failed and refused to defend or indemnify Barragan and Wheel City with respect to the Ayres claim and lawsuit.

## THE OHIO SECURITY POLICY

19. Ohio Security Insurance Company issued a Business Auto Policy to Wheel City Wholesalers, Inc. in Missouri, Policy No. BAS (19) 55 81 03 74, with a policy period of 11/1/2018 – 11/1/2019 (the "Ohio Security Policy").  *See* Exhibit A.

20. The Ohio Security Policy provides, in pertinent part:

> SECTION IV - BUSINESS AUTO CONDITIONS
>
> The following conditions apply in addition to the Common Policy Conditions:
>
> . . .
>
> B. General Conditions
>
> . . .
>
> 5. Other Insurance
>
> a. For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.
>
> . . .
>
> d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

Ohio Security Policy, Ex. A, at pp. 8-10 of 13, Coverage Form CA 00 01 03 06.

## THE AUTO OWNERS POLICY

21. Auto Owners issued a Garage Liability policy to Auto Plaza in Missouri, Policy No. 51-697-191-00, with a policy period of 4/1/2018 – 4/1/2019 (the "Auto Owners Policy").  *See* Exhibit B.

22. The Auto Owners policy insuring agreement provides:

4

SECTION II – COVERAGE

COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE COVERAGE

1. COVERAGE

   a. Bodily Injury And Property Damage Liability (Other Than Auto)

   . . .

   b. Bodily Injury And Property Damage Liability (Auto)[1]

   When a premium is shown in the Declarations for:

      (1) Either DIVISION I or DIVISION II, **we** will pay damages for **bodily injury** or **property damage** for which the **insured** becomes legally responsible because of or arising out of an **auto**, **mobile equipment** or **farm implement**:

         (a) Not owned, not hired, not leased not leased, not rented or not registered by **you** . . . ; and

         (b) While used by any person in **your** business.

      (2) DIVISION I, **we** will also pay damages for **bodily injury** or **property damage** for which the **insured** becomes legally responsible because of or arising out of:

         (a) An **auto**, **mobile equipment** or **farm implement**:

            1) Owned by **you**; or

            2) Leased, hired or rented by **you** or on **your** behalf with **your** expressed permission.

      Such **auto**, **mobile equipment** or **farm implement** must be:

---

[1] By operation of Amendatory Endorsement (Garage Liability), Form 89995 (1-10).

        1) Used in **your garage business**; or

        2) Used in a business, other than **your garage business**, but not on a regular basis; or

        3) Not used in any business.

23.    There are premiums shown in the Declarations of the Auto Owners Policy under Division I.  *See* Exhibit B at pp. 6-8 of 28, Coverage Form 89700 (9-05).

24.    The Auto Owners Policy's definitions provide, in pertinent part:

SECTION I – DEFINITIONS

. . .

I.  **Garage business** means the ownership, maintenance or use of any premises by **you** as a garage operation.  This may include an **auto** dealer, repair shop, service station, storage garage or public parking place.  Unless modified in other parts of this policy, it also includes:

    1.  Operations necessary and incidental to the garage operation; and

    2.  The ownership, maintenance and use of **autos** as described under SECTION II – COVERAGE, COVERAGE A, 1. COVERAGE, b. Bodily Injury And Property Damage Liability (Auto).

Auto Owners Policy, Ex. B, at p. 2 of 28, Coverage Form 89700 (9-05).

25.    With respect to who is an insured, the Auto Owners Policy provides:

SECTION III – WHO IS AN INSURED[2]

. . .

B.  With respect to any **auto**, **farm implement** or **mobile equipment** as described under SECTION II – COVERAGE, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. COVERAGE, b. Bodily Injury And Property Damage Liability (Auto), only:

---

[2] By operation of Amendatory Endorsement (Garage Liability), Form 89995 (1-10).

6

>  1. **You**.
>
>  2. **Your garage customers**.
>
>  3. Any other person or organization using an **auto, farm implement** or **mobile equipment** with **your** permission. **Insured** shall not include, under only this provision 3.:
>
>> a. Any of **your employees**, stockholders, partners, . . . or an additional **insured** with respect to any **auto**, **farm implement** or **mobile equipment** :
>>
>> (1) Owned by him or her; or
>>
>> (2) Any member of his or her household; or
>>
>> b. Anyone working in any business of selling, servicing, repairing or parking **autos**, **farm implements** or **mobile equipment**, <u>other than</u> your **garage business**.
>
>  4. Any other person or organization, but only with respect to liability because of acts or omissions of an **insured** under B.1. or 2. immediately above. **We** do not cover the owner or lender of an **auto, farm implement** or **mobile equipment you** lease or borrow unless that **auto, farm implement** or **mobile equipment** is attached to an **auto, farm implement** or **mobile equipment.**

Auto Owners Policy, Ex. B, Form 89995 (1-10).

    26.    The Auto Owners Policy's definitions provide, in pertinent part:

> SECTION I – DEFINITIONS
>
> . . .
>
> J.    1. **Garage customer** means:
>
>> a. Any person while using an **auto** owned, maintained or used in **your garage business**; or

      b. Any of **your** customers or any prospective buyer to whom an **auto** has been loaned or furnished by **you**.

Auto Owners Policy, Ex. B, at p. 2 of 28, Coverage Form 89700 (9-05).

## COUNT I – DECLARATION THAT BOTH BARRAGAN AND WHEEL CITY ARE INSUREDS UNDER THE AUTO OWNERS POLICY.

27. Ohio Security realleges and incorporates paragraphs 1-26.

28. Barragan and Wheel City were operating the vehicle involved in the collision with Ayres with the express permission of Auto Plaza.

29. Barragan and Wheel City were permissive users of the vehicle.

30. Barragan and Wheel City's operation of the vehicle was in the course and scope of Auto Plaza's "garage business."

31. "Garage business" is defined by the Auto Owners Policy to include operating an auto dealership.

32. Auto Plaza was operating an auto dealership at the time of the collision, including offering the subject vehicle for sale.

33. Replacing the wheels and/or tires of the vehicles offered for sale at the dealership operated by Auto Plaza, such that they could be sold, is within the scope of operating a "garage business."

34. At the time of the collision, Barragan and Wheel City were delivering the vehicle to Auto Plaza at its request, after replacing the wheels and/or tires of the vehicle at Auto Plaza's request.

35. Any attempt by Auto Owners to exclude or bar coverage for permissive users of its vehicle such as Barragan and Wheel City is contrary to and violates the Missouri Motor Vehicle Financial Responsibility Law, Mo.Rev.Stat. 303.010 *et seq*.

8

36. Auto Owners has not and cannot prove that the actions of Barragan and Wheel City were *not* in the course and scope of Auto Plaza's "garage business."

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Ohio Security Insurance Company requests that the Court enter its judgment declaring that Jose Barragan and Wheel City Wholesalers, Inc. are insureds under the policy issued by Auto Owners Insurance Company to Auto Plaza St. Peters MO, LLC.

**COUNT II – DECLARATION THAT THE AUTO OWNERS POLICY AFFORDS PRIMARY INSURANCE TO BARRAGAN AND WHEEL CITY.**

37. Ohio Security realleges and incorporates paragraphs 1-36.

38. Because the vehicle being operated by Barragan at the time of the collision was not owned by Wheel City, the insurance afforded by Ohio Security is excess over the insurance afforded by Auto Owners.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Ohio Security Insurance Company requests that the Court enter its judgment declaring that the policy issued by Auto Owners Insurance Company to Auto Plaza St. Peters MO, LLC affords primary insurance to Jose Barragan and Wheel City Wholesalers, Inc. with respect to the collision with Michael Ayres.

**COUNT III – DECLARATION THAT AUTO OWNERS IS REQUIRED TO CONTRIBUTE ON AN EQUAL BASIS TO THE DEFENSE AND INDEMNITY OF BARRAGAN AND WHEEL CITY.**

39. Ohio Security realleges and incorporates paragraphs 1-38.

40. In the alternative to Count II, if both the Auto Owners Policy and the Ohio Security Policy provide coverage for Barragan and Wheel City on an excess basis, then

9

Auto Owners is obligated to share equally with Ohio Security in the defense and indemnity of Barragan and Wheel City with respect to the Ayres claim and lawsuit.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff Ohio Security Insurance Company requests that the Court enter its judgment declaring that Auto Owners Insurance Company is obligated to contribute on an equal basis to the defense and indemnity of Jose Barragan and Wheel City Wholesales, Inc. with respect to the claim and lawsuit by Michael Ayres.

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/  Angela M. Clark
Angela M. Clark            52159MO
John L. Kellogg            46533MO
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
aclark@bscr-law.com
jkellogg@bscr-law.com
ATTORNEYS FOR PLAINTIFF
OHIO SECURITY INSURANCE COMPANY

4815-5216-4838v.1